MᴄCᴜʟʟᴏᴄʜ | Kʟᴇɪɴᴍᴀɴ Lᴀᴡ
Kevin P. McCulloch
kevin@mkiplaw.com
Nathaniel A. Kleinman
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMOLOTOV, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>XIONG BINXU; SHENYUMEI;<br>HEBEIZHIYINZHINENGKEJIYOUXIANGONGSI;<br>ZHENGZHOUWANSHUOQIYEGUANLIZIXUNYOU<br>XIANGONGSI; JOHN DOE 1 (d/b/a ARBORIVA);<br>JOHN DOE 2 (d/b/a LUCDAWEI); JOHN DOE 3 (d/b/a<br>GLECTG); JOHN DOE 4 (d/b/a COINSHOP88); JOHN<br>DOE 5 (d/b/a T1FINDS); JOHN DOE 6 (d/b/a<br>THERESPE-8); JOHN DOE 7 (d/b/a STARLIGHT<br>STORIES STORE); JOHN DOE 8 (d/b/a<br>YOHAHAYYI0); JOHN DOE 9 (d/b/a HKYSDZSW);<br>JOHN DOE 10 (d/b/a KAIBIN STORE); JOHN DOE 11<br>(d/b/a QXUAN-US); and JOHN DOE 12 (d/b/a<br>JINCHANGAS).<br><br>    *Defendants*. | Civil Case No.<br><br><br>**COMPLAINT<br>AND DEMAND FOR JURY<br>TRIAL** |

Plaintiff Smolotov, LLC ("PLAINTIFF"), by and through undersigned counsel, hereby

demands a trial by jury of all claims and issues so triable, and, as for its Complaint for copyright

infringement against Defendants Xiong Binxu; Shenyumei;

HeBeiZhiYinZhiNengKeJiYouXianGongSi; ZhengZhouWanShuoQiYeGuan-LiZiXunYouXianGongSi; John Doe 1 (d/b/a Arboriva); John Doe 2 (d/b/a LUCDAWEI); John Doe 3 (d/b/a GLECTG); John Doe 4 (d/b/a CoinShop88); John Doe 5 (d/b/a T1Finds); John Doe 6 (d/b/a therespe-8); John Doe 7 (d/b/a Starlight Stories Store); John Doe 8 (d/b/a yohahayyi0); John Doe 9 (d/b/a HKYSDZSW); John Doe 10 (d/b/a Kaibin Store); John Doe 11 (d/b/a QXUAN-US); and John Doe 12 (d/b/a Jinchangas) (collectively "DEFENDANTS") hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

3. This is an action for copyright infringement and related claims brought by PLAINTIFF, the author and copyright owner of the works at issue, against DEFENDANTS for their unauthorized copying and infringing use of the works.

4. Subject matter jurisdiction for PLAINITFF'S claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

5. Personal jurisdiction lies in this Court because, upon information and belief, the DEFENDANTS expressly consented to the jurisdiction of any federal district court in which the e-commerce service provider(s) used by them may be found, pursuant to 17 U.S.C. § 512(g)(3)(D) and the applicable terms and conditions of such provider(s).

6. Upon information and belief, the e-commerce service providers used by DEFENDANTS, including but not limited to Amazon and eBay, maintain offices and conduct substantial and ongoing business in this District.

**PARTIES**

7.      PLAINTIFF is an Ohio limited liability company that designs, manufactures, and sells a line of dog waste bags, labeled "SH*T Bag," which incorporates imagery of political figures on the product and associated packaging (hereinafter the "SMOLOTOV PRODUCT").

8.      PLAINTIFF creates and sells the SMOLOTOV PRODUCT through its website (www.smolotov.com), as well as on Amazon.com, and in retail stores around the country. Displayed below is a true and correct screen capture of the SMOLOTOV PRODUCT as displayed on PLAINTIFF'S website:



9.      DEFENDANTS are each online sellers that offer/sell unauthorized, derivative, counterfeit versions of the SMOLOTOV PRODUCT through e-commerce websites such as Amazon.com and eBay.com.

10.     DEFENDANTS Xiong Binxu; Shenyumei; and HeBeiZhiYinZhiNengKeJiYouXianGongSi have each filed counter-notices in response to Plaintiff's DMCA takedown notices submitted to Amazon.  Through such counter-notices, these DEFENDANTS stated under penalty of perjury that they (i) consent to the jurisdiction of any judicial district in which Amazon may be found, (ii) agree to accept service of process from

PLAINTIFF or its agent, and (iii) have a good faith belief that the material identified in the notice was removed or disabled as a result of mistake or misidentification.

11. The John Doe DEFENDANTS each operate through anonymous seller accounts and online usernames and thus their actual identities are unknown to PLAINTIFF at this time.

**GENERAL ALLEGATIONS**

12. Each of the DEFENDANTS has offered for sale, displayed, sold, and distributed counterfeit versions of the SMOLOTOV PRODUCT on and through their online seller accounts.

13. DEFENDANTS' product listings each incorporate unauthorized and infringing copies of PLAINTIFF'S product design, copyrighted graphics/imagery, and trade dress.

14. Incorporated below is a true and correct screen capture of the counterfeit product offered by the Amazon seller, identified as ZhengZhouWanShuoQiYeGuan-LiZiXunYouXianGongSi:



15. The following is a non-exhaustive list of Amazon Standard Identification Numbers (ASINs) associated with the counterfeit products which have been collectively offered by DEFENDANTS:

- B0G596BP19
- B0GHPKH4DZ
- B0GCPL14R4

- B0G81F1NQ2
- B0G7XL92H2
- B0G4MYRTXP
- B0GVN5XY22
- B0GK1L9VGM
- B0G4MJX2DL
- B0GL1RLTW4
- B0GWWZMWZ5
- B0GLPNPN2T

16. The counterfeit product offered for sale and sold by eBay seller "CoinShop88" can be found at https://www.ebay.com/itm/406683198871.

17. The counterfeit product offered for sale and sold by eBay seller "T1Finds" can be found at https://www.ebay.com/itm/397572743759.

18. The counterfeit products offered for sale and sold by eBay seller "therespe-8" can be found at https://www.ebay.com/itm/389389430950; https://www.ebay.com/itm/389389061081; and https://www.ebay.com/itm/389389416887.

19. The counterfeit product offered for sale and sold by eBay seller "Starlight Stories Store" can be found at https://www.ebay.com/itm/376869970609.

20. The counterfeit product offered for sale and sold by eBay seller "yohahayyi0" can be found at https://www.ebay.com/itm/317842010654.

21. Attached hereto as EXHIBIT 1, with one example included below, are screen captures of the various unauthorized derivative products that were displayed and offered for sale by DEFENDANTS, as identified respectively therein.



## COUNT I
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

22. PLAINTIFF repeats and re-alleges each of the above allegations as if set forth fully herein.

23. PLAINTIFF is the exclusive owner of the copyrights in and to the graphic illustrations used on the SMOLOTOV PRODUCT packaging.

24. PLAINTIFF'S copyrights are registered with the U.S. Copyright Office, under registration number VAu001569092 (effective July 7, 2025).

25. DEFENDANTS did not have a license, authorization, or permission from PLAINTIFF to copy, publish, display, sell, or distribute its original copyrighted works and/or any derivative thereof, that are incorporated in the SMOLOTOV PRODUCT packaging.

26. Despite having never obtained a license or permission to copy or display PLAINTIFF'S copyrighted works for any purpose, DEFENDANTS each copied, published, displayed, distributed, offered for sale/sold, and created unauthorized derivative copies of the works in connection with counterfeit versions of the SMOLOTOV PRODUCT.

27. Upon information and belief, DEFENDANTS' actions alleged herein were willful, knowing, intentional, and/or made in reckless disregard of PLAINTIFF'S copyrights, including because (i) DEFENDANTS are each aware that PLAINTIFF is the authorized seller/manufacturer

of the SMOLOTOV PRODUCT; (ii) DEFENDANTS did not purchase any legitimate SMOLOTOV PRODUCTS from PLAINTIFF; (iii) DEFENDANTS intentionally altered certain aspects of the product packaging, including removing the "Smolotov" brand logo displayed on the box; and (iv) as alleged herein, certain DEFENDANTS were notified of PLAINTIFF'S claims through DMCA notices and submitted counter-notices in which they falsely and unreasonably claimed a "good faith belief" that their counterfeit products were not infringing.

28.     PLAINTIFF seeks to recover all damages available under Section 504 of the Copyright Act related to the infringing uses of its copyrighted works as alleged herein.

**COUNT II**
**TRADE DRESS INFRINGEMENT AND MISAPPROPRIATION**
**(Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**

29.     PLAINTIFF repeats and re-alleges each of the above allegations as if set forth fully herein.

30.     DEFENDANTS' conduct alleged herein is causing and is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association with PLAINTIFF and the various counterfeit products offered/sold by DEFENDANTS.

31.     DEFENDANTS have unlawfully misappropriated PLAINTIFF'S successful trade dress associated with the SMOLOTOV PRODUCT, including but not limited to the overall look and design of the product and its packaging, the orange/yellow/brown color palette used by PLAINTIFF, the specific composition and graphic proportionality of the image displayed on the waste bag itself, as well as the minimalist font/textual elements used on the packaging.

32.     DEFENDANTS' conduct has enabled them to unfairly benefit from PLAINTIFF'S original trade dress, reputation, and goodwill which they would not otherwise have.

33.     DEFENDANTS' conduct has diminished and will continue to diminish PLAINTIFF'S sales of the SMOLOTOV PRODUCT and its valuable trade dress rights.

7

34. DEFENDANTS' conduct has diminished and will continue to diminish PLAINTIFF'S ability to control the consumer perception of the SMOLOTOV PRODUCT by offering knock-off products of lower quality and at lower prices.

35. DEFENDANTS' conduct was intentional, willfully and wantonly malicious. Their knowledge of PLAINTIFF'S trade dress rights and reckless disregard for the likely confusion caused by their acts renders this case exceptional under 15 U.S.C. § 1117(a), entitling PLAINTIFF to DEFENDANTS' profits, treble damages and an award of costs and reasonable attorneys' fees.

36. As a result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer substantial injury, including irreparable injury to PLAINTIFF'S goodwill and reputation, and loss of sales and profits which it would have made but for the trade dress infringement by DEFENDANTS, unless they are enjoined by this Court.

\* \* \*

**WHEREFORE,** PLAINTIFF respectfully prays for judgment on its behalf and for the following relief:

1. A jury trial on all issues so triable;

2. A permanent injunction against DEFENDANTS from any further acts of infringement of the copyrights and trade dress rights associated with the SMOLOTOV PRODUCT;

3. A judgment declaring that DEFENDANTS' conduct has infringed PLAINTIFF'S copyrights and trade dress rights associated with the SMOLOTOV PRODUCT;

4. An order requiring DEFENDANTS to deliver to PLAINTIFF for destruction or other appropriate disposition all relevant materials, including digital files owned by

DEFENDANTS and all copies of the infringing materials described in this complaint that are in the control or possession or custody of DEFENDANTS;

5. All allowable damages under the Copyright Act, including PLAINTIFF'S actual damages and the profits attributable to DEFENDANTS' infringement of PLAINTIFF'S copyrighted works.

6. All allowable damages under the Lanham Act, including DEFENDANTS' profits and treble damages awarded to PLAINTIFF.

7. PLAINTIFF'S taxable costs and reasonable attorneys' fees incurred in pursuing and litigating this matter, to the extent available under applicable law;

8. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated April 24, 2026

Respectfully submitted,

McCulloch Kleinman Law

By: _____
Nathaniel A. Kleinman
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Attorney for Plaintiff*